UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                      Ind. # 04 Cr. 850 (RMB)
                                      MEMORANDUM

        -v-

QING DI WANG,
                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Introduction

      Defendant, Qing Di Wang, is charged in a two-count indictment with conspiracy to violate 18 U.S.C. 2318(a), trafficking in counterfeit labels on DVDs and CDs and a substantive violation of the statute. This memorandum is submitted in support of a motion seeking suppression of physical evidence seized pursuant to a search warrant.

The Warrant

      On May 17, 2004 Magistrate Bloom in the Eastern District of New York, issued a search warrant authorizing the search of a "Gray Mercury Villager with NY License Plate # CRG 6215, Including Any Locked Boxes Or Closed Containers Therein." The warrant, per an attached schedule, authorized the seizure of, among other things,

      1. Correspondence, contracts, ledgers, lists of co-conspirators, notes, personal documents, address books and/o personal diaries, bank documents, credit card documents, and receipts;   * * *

      4. Blank, master, and counterfeit CDs and DVDs;

      5. CD and DVD labels or inserts * * *

The warrant allowed the search only when the described automobile was located outside of 43-

26

52d Street, Woodside, New York or another specified address. ( A copy of the warrant and attachment are appended hereto.)

On May 20, 2004, agents executed the warrant and seized a quantity of DVDs and/or CDs; watches and a variety of personal papers from the designated automobile. The search took place when defendant Wang drove the vehicle to the vicinity of the Woodside address and parked it outside the building.

The Warrant Did Not Particularly
Describe the Things to be Seized

CDs and DVDs

While the warrant allowed for the seizure of "Counterfeit CDs and DVDs" neither the warrant itself nor the attached Schedule specified how the alleged counterfeit CDs or DVDs were to be identified. That is, the warrant does not set out clear standards which assure that the executing officers will be able to differentiate any alleged counterfeit reproduction from a legitimate CD or DVD.

Therefore, the warrant fails to meet the "particularity" requirement of the Fourth Amendment and all items seized pursuant thereto must be suppressed. United States v. Klein, 565 F.2d 183 (1st Cir. 1977)(generic description of "pirate" tapes is insufficiently particular.); United States v. Fuccillo, 808 F.2d 1734 (1st Cir. 1987) ( items described as stolen women's clothing insufficient description); United States v. Cook, 657 F.2d 730 (5th Cir. 1981) "(illegally

2

obtained and reproduced copyrighted films" is insufficient description) ; United States v.

George, 975 F.2d 72 (2d Cir. 1992)

Documents

The warrant's description of documents that may be seized suffers from the same infirmity, lack of specificity.  United States v. George, supra.  And, a search authorizing seizures of personal papers are held to a more exacting standard of specificity than warrants authorizing seizure of other kinds of property.  Andresen v. Maryland, 427 U.S. 403, fn. 11.

Seizure of Watches

A number of watches were seized from defendant's automobile pursuant to the warrant. But, the warrant does not authorize the seizure of such items.  Suppression is therefore required as the seizure of watches went beyond the scope of the warrant.  United States v. Matias, 836 F.2d 744 (2d Cir. 1988)(When items outside the scope of the warrant are seized, the usual remedy is suppression.)

Conclusion

The property seized from the Mercury Villager automobile should be suppressed.

Respectfully submitted,