UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,   Ind. No. 04 Cr. 850 (RMB)

                                                                                                               REPLY MEMORANDUM

        v.

QING DI WANG,
                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Introduction

      This memorandum is submitted in reply to the government's response to defendant's motion to suppress physical evidence on the grounds of deficiencies in the search warrant.

The Seizure of the CDs Was Not
Within the Scope of the Warrant.

      The government takes the position that there was no deficiency in the degree of particularity in the search warrant for the reason that, "The search Warrant identified specific illegal activities, namely 'violations of United States Code, Title 18, Sections 371 [conspiracy] and 2320 [trafficking in counterfeit goods]' . . . It then authorized the seizure of only materials that constitute 'evidence and instrumentalities' of those specific illegal activities." (Gov't. Response, p. 11). The 2000 CDs seized from the van, however, do not fall within the above narrowly defined description offered by the government to save the warrant. That is, the CDs are not evidence of violation of 18 U.S.C. 3220 and therefore the seizure thereof went beyond the scope of the warrant even as defined by the government.

      Section 2320, notwithstanding its title, does not criminalize trafficking in counterfeit

goods. What it proscribes is the use of a counterfeit <u>registered trademark</u>. That is, 2320 provides criminal penalties for anyone who "intentionally traffics or attempts to traffic in goods or services <u>and knowingly uses a counterfeit mark on or in connection with such goods or services.</u>" (<u>Emphasis added</u>.)   A "counterfeit mark" being defined, in the statute, as a mark that is "identical with, or substantially indistinguishable from, a mark registered for those goods or services on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant knew such mark was so registered." There is nothing, in the warrant's supporting affidavit, the government's response to defendant's motion or the affidavit submitted in support of the government's reply, that in any way suggests that the seized 2000 CDs in issue bore counterfeit registered trademarks or were seized on the basis of a searcher's having probable cause to believe that a counterfeit trademark was to be found thereon.  Thus, seizure of the CDs cannot be justified by resort to the warrant.

Probable Cause for a Warrant to a Seize
Evidence of a Violation of 18 U.S.C. 2320

There is nothing in the affidavit in support of the search warrant that suggests that there was probable cause to believe that evidence of a violation of the statute proscribing the use of counterfeit trade marks, 18 U.S.C. 2320, would be found on any of the targeted premises. Conspicuously absent is the claim that the investigating agents had any information concerning unlawful trade mark use; that anyone had seen goods bearing counterfeit or spurious trademarks on or in connection with any of the premises; or that the allegedly counterfeit goods purchased on one of the premises bore a counterfeit trademark.

Accordingly, the warrant was not supported by probable cause.

## The Warrant Did Not Incorporate the Supporting Affidavit by Reference.

The government urges that any failure to particularize in the warrant itself may be cured by reference to the underlying affidavit. (Gov.'s Response, p. 14.) Even if it were to be assumed, arguendo, that the affidavit provides the searching agents with the indicia of detecting counterfeit CDs, as the government claims, that argument must fail. As stated in United States v. George, 975 F.2d 72 (2d Cir.1992), " A sufficiently specific affidavit will not itself cure an overbroad warrant. . . . Resort to an affidavit to remedy a warrant's lack of particularity is only available when it is incorporated by reference in the warrant itself and attached to it." Here, the affidavit was neither incorporated by reference nor was it attached to the warrant. The recitation in the warrant that the government claims incorporates the affidavit by reference, "I am satisfied that the affidavit(s) . . .establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described[.]" (Gov't. Response, p.14), "does not direct the executing officers to refer to the affidavit for guidance concerning the scope of the search and hence does not amount to incorporation by reference." United States v. George, supra.

## The Automobile Exception

The government takes the position that even if the search warrant was invalid the evidence was properly seized under the automobile exception to the Fourth Amendment. (Gov't. Response, p. 21.)

First, it should be noted that the government has provided no evidentiary basis from

-3-

which it might be concluded that the agents who searched the van and seized its contents did so on the basis of anything other than the execution of the warrant. See, Coolidge v. New Hampshire, 403 U.S. 443 (1971)(Where a search is conducted without a warrant the burden shifts to the Government to demonstrate by a preponderance of the evidence that the warrantless search was conducted pursuant to one of the exceptions to the warrant requirement.). In this regard, however, see the affidavit of William Macioch, (Exh.C to Gov't.Response), a participant in the search of the vehicle, wherein he avers that, "The search was conducted pursuant to a search warrant ...."

Thus, it is incumbent on the government, when seeking justification for a search based on the automobile exception, to prove, not only that there was probable cause to believe that evidence of a specific crime would be found in the minivan but that the agents who performed the search were possessed of the knowledge thereof. See United States v. Cruz, 834 F.2d 47, 51 (2d Cir. 1987) (noting that "determination of whether probable cause to arrest exists can be based on the collective knowledge of all of the officers involved in the surveillance efforts" so long as "the various law enforcement officers in this investigation were in communication with each other"). In this regard we take exception to the government's statement in its Response, at page 22, that, "It is also undisputed that probable cause to search the Minivan existed when the Minivan was parked outside the Queens Warehouse." On the contrary, it is defendant's position that probable cause to search the minivan did not exist.

Good Faith

The good faith doctrine does not apply to seizures of evidence beyond the scope of the warrant or to a warrantless search. United States v. Leon, 468 U.S. 897 (1984) (Suppression not

-4-

appropriate "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope.")

Conclusion

    For the reasons set out above and in defendant's original moving papers, the relief sought should be granted.

Respectfully submitted,


Robert Koppelman
Attorney for Qing Di
585 West End Avenue
New York, NY 10024
212-577-6580